UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MILEDY MORALES-GUILLÉN,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 11-2171 (JAF)

(Crim. No. 08-357-07)

**OPINION AND ORDER**

Petitioner, Miledy Morales-Guillén, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated her rights under federal law. She requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 08-357-7. (Docket No. 1.)

**I.**

**Background**

On October 29, 2008, the grand jury rendered a two-count indictment against Miledy Morales-Guillén and six co-defendants. (Crim. Docket No. 17.) Count One charged Defendants with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§841 and 846. (Id.) Count Two charged them with a conspiracy to import into the United States five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 952, 960, and 963. (Id.) Pursuant to a plea agreement, on January 20, 2009, Morales-Guillén pled guilty to Count One of the indictment. (Crim. Docket No. 106.) The plea agreement recommended a

sentence of eighty-seven months. (Id.) On May 13, 2009, we sentenced Morales-Guillén to an imprisonment term of one-hundred thirty-five months; Count Two was dismissed, as provided by the plea agreement. (Crim. Docket No. 149.) Morales-Guillén appealed and, on September 8, 2010, the First Circuit Court of Appeals affirmed her sentence. United States v. Morales-Guillén, Appeal No. 09-1831 (1st Cir. September 8, 2010). On December 7, 2011, she filed this petition, asserting two grounds of relief related to the plea agreement she accepted. (Docket No. 1.) The government opposed. (Docket No. 3.)

## II.

### Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless she can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

As mentioned in a recent holding, we are concerned with the rights of litigants, but we must protect the integrity of the federal court system against meritless allegations. Lassalle-Velázquez v. United States, No. 12-1795, 2013 U.S. Dist. WL ____, at *__ (D.P.R. June 10, 2013) (using meritless arguments to collaterally challenge federal convictions through § 2255 petitions is overburdening federal district courts and leading to some criminal cases being entirely re-litigated).

## III.

## Discussion

Morales-Guillén asserts claims of ineffective assistance of counsel and prosecutorial misconduct related to the plea agreement she accepted. To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id.

**A. Counsel was not ineffective based on the advice given to the petitioner as to the plea agreement**

Morales-Guillén claims that counsel was ineffective because we did not follow the recommended sentence of eighty-seven months contained within the plea agreement. (Docket No. 1 at 4-5.) She further asserts that she "blindly" accepted the plea offer, (Id. at 5), arguing that her attorney did not discuss certain matters with her, including: Her role, the quantity of drugs at issue, the sentencing guidelines, and her right to a fair trial. (Id.) She also states that counsel was ineffective because of the failure to discuss or present "inculpatory evidence." (Id. at 5-6.) Finally, Morales-Guillén argues that

counsel was ineffective because she "relayed [sic] solely in [sic] hearsay statements made by the [Assistant U.S. Attorney.]" (Id. at 6.)

The first issue was raised and considered on appeal. United States v. Morales-Guillén, Appeal No. 09-1831 (1st Cir. September 8, 2010). On appeal, the First Circuit held that there was "no error" in this court's "application of section 5K1.1" and that "the plea agreement was not binding on the court." Id. The First Circuit has held that when an issue has been disposed of on direct appeal, it will not be reviewed again through a § 2255 motion. Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (citing Dirring v. United States, 370 F.2d 862, 863 (1st Cir. 1967)). The Supreme Court has held that if a claim "was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations." Withrow v. Williams, 507 U.S. 680, 721 (1993).

The record indicates that Morales-Guillén understood that the court was not bound by the sentencing recommendations:

> THE COURT: Very well. Every person who pleads has an expectation of sentence and usually a sentencing recommendation may be included in the Plea Agreement. I should tell you that the Court is not bound to follow any particular expectation that you may have, nor any particular recommendation that may have been made.
>
> Is that understood?
>
> THE DEFENDANTS: Yes, as to all.
>
> THE COURT: The point is that the Court retains full sentencing discretion. And of course any sentence imposed can be appealed unless there is a waiver of the right to appeal.
>
> Is that understood?

      THE DEFENDANTS:     Yes, as to all.

(Crim. Docket No. 169 at 18.) In her motion, Morales-Guillén acknowledges that the agreement "established that the ultimate sentence was within the sound discretion of the . . . judge." (Docket No. 1 at 6.)

      It is well established that defense counsel communicate plea offers to his client. <u>Missouri v. Frye</u>, 132 S.Ct. 1399, 1408 (2012). Where a plea bargain has been offered, "a defendant has the right to effective assistance of counsel in considering whether to accept it." <u>Lafler v. Cooper</u>, 132 S.Ct. 1376, 1387 (2012).

      One way of determining whether a defendant has received the benefit of counsel is to look to their declarations in court. A defendant's "declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). The record shows that Morales-Guillén discussed the case with counsel and was satisfied with her lawyer's work:

> THE COURT:     You have discussed this case with your lawyer?
>
> MS. MORALES-GUILLÉN:     Yes.
>
> THE COURT:     Are you satisfied with the work that your lawyer's doing for you?
>
> MS. MORALES-GUILLÉN:     Yes, sir.

(Docket No. 169 at 11.) Thus, with regard to advising her client about accepting the plea bargain, counsel was effective.

      Morales-Guillén's attorney attempted to secure a sentence well below the guideline minimum. Even though counsel did not achieve the sentence Morales-Guillén desired, the sentence she ultimately received was lenient, given the nature of her crime and the role that she played. In fact, in affirming her sentence, the First Circuit explained

that the sentence we imposed was "100 months shorter than the minimum sentence recommended by the guidelines." United States v. Morales-Guillén, Appeal No. 09-1831 (1st Cir. September 8, 2010). There is nothing counsel could have done for Morales-Guillén to receive a shorter sentence than she did.

**B.    The conduct of counsel and the prosecutor with regard to the plea agreement did not result in a violation of Morales-Guillén's rights**

Morales-Guillén argues that her lawyer and the U.S. attorney "failed to properly underline, subscribed [sic] and present defendant's plea agreement, in order for it to be accepted by the Honorable Court, accordingly [sic] with the law and what was represented to the defendant . . . " (Docket No. 1 at 6.) In her motion, Morales-Guillén includes portions of the transcript from her sentencing hearing to support the argument that ineffective counsel and prosecutorial misconduct resulted in the sentence that did not follow the eighty-seven-month recommendation of the U.S. Attorney.

We reiterate that "while a government motion is a necessary precondition to a downward departure based on a defendant's substantial assistance, the docketing of such a motion does not bind a sentencing court to abdicate its responsibility, stifle its independent judgment, or comply blindly with the prosecutor's wishes." United States v. Mariano, 983 F.2d 1150, 1155 (1st Cir. 1993). Morales-Guillén is right to point out that we were displeased with the manner in which the U.S. Attorney presented the terms of the plea agreement. (Docket No. 1 at 9.) We, therefore, exercised our discretion to impose a sentence that comported more closely with the guidelines.

The remaining question is whether the prosecutor's conduct deprived Morales-Guillén of her rights. Any error made by the prosecutor was prudential in nature—Morales-Guillén's rights were not affected by the prosecutor or by the substance of the

plea negotiations. The sentence she received was quite lenient and fell well below the guideline minimum. Furthermore, a "knowing and voluntary guilty plea waives all nonjurisdictional defects." Any v. United States, 47 F.3d 1156, at *4 (1st Cir. 1995) (citing United States v. Broce, 488 U.S. 563, 569 (1989); Valencia v. United States, 923 F.2d 917, 920 (1st Cir. 1991)). In Any, the First Circuit held that because the defendant "made no persuasive argument that actions by the prosecution rendered his guilty plea involuntary, his claims based on prosecutorial misconduct [were] foreclosed." Id. Morales-Guillén voluntarily accepted the guilty plea; accordingly, any claims she raises now based on prosecutorial misconduct related to her plea agreement are baseless.

"We can well understand that petitioner does not enjoy [her] incarceration. However, a § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as routine review at the behest of a defendant who is dissatisfied with his sentence." Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). Morales-Guillén has made no argument that would indicate that her rights have been denied.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While

Morales-Guillén has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of her constitutional claims debatable or wrong. Morales-Guillén may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of August, 2013.

                                                                        S/José Antonio Fusté
                                                                       JOSE ANTONIO FUSTE
                                                                       U. S. DISTRICT JUDGE